, Ex PARTE ROBERT SLIVA.

No. 9116.   Delivered December 17, 1924.

Habeas Corpus—Bail—Refusal of.

   This is an appeal from the District Court of Austin County denying appellant bail, after an indictment charging him with the offense of murder. From the record it appears to have been an unexplained killing, and the state has not complied with the rule which requires that some proof appear, making it evident that upon a fair trial the accused would be capitally convicted. Relator is granted bail in the sum of $7500.

Appeal from the District Court of Austin County. Tried below before the Hon. M. C. Jeffrey, Judge.

Appeal from an order of the District Court of Austin County, denying appellant bail.

Mathis, Heidingsfelder, Teague & Kahn, for appellant.

Tom Garrard, State's Attorney, and Grover C. Morris, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—This is an appeal from an order of the district court of Austin county denying appellant bail. Appellant is under indictment for murder and upon the hearing by the learned trial judge of the court below of his writ of habeas corpus to procure bail, the State introduced only the testimony heard by the justice of the peace upon an examining trial of appellant. Said testimony consisted of that of a physician who reached the scene after death had resulted to deceased, and who testified that he found a wound in the neck made apparently by a knife or other sharp instrument; and of one eyewitness who testified that he saw deceased leaning against a post on the night in question and saw this appellant raise his fist and

hit deceased somewhere between the shoulder and head, witness could not tell just where. What had occurred between the two men, appellant and deceased, prior to the homicide, or what, if anything, passed between them at the time, witness did not detail. He heard this appellant cursing shortly before the alleged homicide and saw him walk away toward a gin. While appellant was gone deceased came out to the place where the homicide occurred and was leaning against the post and appellant ran up with some exclamation and struck the blow. We are constrained to hold that the State has not complied with the rule which requires that some proof appear making it evident to this court that upon a fair trial the accused would be capitally convicted. The cause of the killing is wholly unexplained. It took place at night near a dance hall and may be attended with circumstances that would require the court to charge on manslaughter, or, in the event it be not shown that the assault was committed with a deadly weapon, upon aggravated assault.

Under these circumstances we do not feel justified in refusing bail. We are not to be controlled wholly by the opinion of appellant's attorney as to his ability to make bail, nor indeed are we required to fix a low bail if there be evidence of a punishable homicide, even though the accused be not able to make more than a small bond. The gravity of the offense and the likelihood of a reasonably heavy penalty must be taken into consideration also in fixing the amount of bond.

The judgment of the lower court in refusing bail will be reversed and bail granted and fixed in the sum of $7500.00.

*Reversed and bail granted.*